IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH SETH, *et al.*, )<br>Individually and on behalf of a class )<br>of similarly situated persons, )<br>)<br>Plaintiffs-Petitioners, )<br>)<br>v. )<br>)<br>MARY LOU MCDONOUGH, )<br>In her official capacity as )<br>Director of the Prince George's County )<br>Department of Corrections. )<br>)<br>)<br>Defendant-Respondent. ) | Case No. 8:20-cv-01028-PHX |

**JOINT MOTION FOR AN EXTENSION OF TIME
TO FILE JOINT RECOMMENDATION FOR INDEPENDENT INSPECTOR
OR LETTER RECOMMENDING INDEPENDENT INSPECTORS**

Plaintiffs and Defendants respectfully move this Court for a brief extension of the filing deadline for submission of either a joint recommendation for an Independent Inspector by both parties or separate letters recommending Independent Inspectors. The parties ask that this Court to reset this deadline to 12 pm on Thursday, April 30, 2020.

On April 23, 2020, this Court ordered that, by April 27, 2020, the parties either submit a joint recommendation for an Independent Inspector to this Court, or if the parties could not agree, submit separate letters recommending two Inspectors and providing reasons for that recommendation. *See* Order (Doc. 24), *Seth v. McDonough*, 8:20-cv-01028-PX (Apr. 23, 2020).

On Saturday, April 25, 2020, at 4:23 pm, Plaintiffs' counsel contacted Defendant's counsel and provided the name and curriculum vitae of a proposed Independent Inspector who has confirmed to Plaintiffs' counsel that he is available to conduct a prompt investigation of the Prince

1

George's County Jail if this Court appoints him to do so. *See* Ex. 1. On Sunday, April 26, 2020, at 11:12 pm, Defendant's counsel responded, stating that Defendant agreed to this expert. *See* Ex. 2.

Although Plaintiffs had been pursuing other options for an Independent Inspector as well, at this point, Plaintiffs ceased those efforts. Instead, Plaintiffs contacted the agreed-upon Inspector, informed him that the parties had agreed to his appointment, and requested his proposal to submit to the Court. He provided it at 5:45 am this morning (Monday, April 27, 2020). *See* Ex. 3. Plaintiffs' counsel then drafted a joint notice to the Court recommending the agreed-upon Inspector.

At 11:30 am, Defendant's counsel contacted Plaintiffs' counsel expressing concerns about the agreed-upon Inspector.[1] Although Defendant's counsel did not withdraw agreement, he suggested that counsel planned to look for other options. After a discussion between the parties about the issues that were raised, Defendant's counsel stated at 1:37 pm that Defendant McDonough still did not object to the agreed-upon Inspector. However, Defendant's counsel stated that he would update Plaintiffs' counsel about whether Defendant's counsel decided to proceed with another option instead.

At 5:09 pm today (April 27), Defendant's counsel contacted Plaintiffs' counsel suggesting a different expert. *See* Ex. 4. Although Plaintiffs' counsel are willing to consider this new option, they cannot adequately do so in time meet the Court's deadline, particularly because they have been unable to address Defendant's response before now. *See* Doc. 34 (Plaintiffs' motion for an extension of time, describing this delay); Doc. 35 (granting this motion). Moreover, Defendant's

---

[1] Emails that contain substantive discussions between the parties during the meet and confer process are not attached as exhibits.

counsel remains open to considering the original, agreed-upon Inspector. Accordingly, the parties would benefit from additional time to meet and confer.

Moreover, if the parties cannot agree, both must submit a letter explaining their separate recommendations. However, Plaintiffs' counsel, believing that the parties had an agreement, has not begun to prepare such a letter, and they are also currently occupied with drafting their reply. And although Plaintiffs' counsel have identified options for a second expert, counsel must confirm their availability.

Therefore, the parties now require additional time both to meet and confer about potential experts or, if this is unsuccessful, to submit separate recommendations to the Court. The parties therefore request that this Court extend the reply deadline to 12 pm, April 30, 2020. This will allow Plaintiffs 24 hours from the time of filing their reply to meet and confer with Defendant's counsel, secure additional options for experts, and draft any necessary filings for this Court.

Defendant's counsel has given Plaintiffs' counsel permission to submit this filing on both parties' behalf.

Respectfully submitted on April 27, 2020,

    By s/Elizabeth Rossi
    Elizabeth Rossi
    Bar No. 19616
    Katherine Chamblee-Ryan
    *Pro hac vice*
    Olevia Boykin
    *Pro hac vice*
    Ryan Downer
    *Pro hac vice*
    CIVIL RIGHTS CORPS
    1601 Connecticut Ave. NW, Suite 800
    Washington, D.C. 20009
    katie@civilrightscorps.org
    610-931-7715

    Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020 I caused the foregoing document to be electronically transmitted to the Clerk's Office and to Defendant's counsel using the CM/ECF System for filing.

s/Elizabeth Rossi<br>Elizabeth Rossi