

**THE PRINCE GEORGE'S COUNTY GOVERNMENT**
**OFFICE OF LAW**

**Angela D. Alsobrooks**
**County Executive**

April 30, 2020

The Honorable Paula Xinis
United States District Judge
6500 Cherrywood Lane
Suite 400
Greenbelt, MD 20770

**Re: Keith Seth et al. v. Mary Lou McDonough, 8:20-cv-01028-PX**

Dear Judge Xinis:

In accordance with this Court's order, the defendant is submitting this letter to explain why it has recommended the experts identified in its filed designation of recommended court experts. I will address each in order of preference.

1. Dr. Brent Gibson and the National Commission on Correctional Health Care

Dr. Gibson is the Chief Health Officer of the National Commission on Correctional Health Care (NCCHC), a consulting firm for jails and prison systems across the nation. The NCCHC is nationally recognized by jails and prison systems for setting the standards for the delivery of health care in the correctional setting. Dr. Gibson and the NCCHC routinely inspect and audit jails and prison systems across the nation to provide recommendations for improved delivery of health care. Their mission statement is "The mission of the National Commission on Correctional Health Care is to improve the quality of health care in jails, prisons and juvenile confinement facilities." You may wish to visit their website at ncchc.org. Significantly, Dr. Gibson and the NCCH do not provide litigation support, in other words, they do not provide expert witness service to parties in litigation. The reason for this is that their business model is entirely dependent upon neutrality: it cannot effectively offer jails and prisons advice and recommendations without being candid. Dr. Gibson has explained that in the context of this case, where his responsibility would be to report to the Court and not to either party, neutrality and candidness would be maintained and therefore he would welcome the assignment. Fairness and neutrality is precisely what Ms. McDonough seeks and deserves. It is clear, that the plaintiffs, however, intend to recommend experts biased to jails and who staunchly promote prisoner's rights.

2. Dr. Carl Keldie

Dr. Keldie is the Chief Clinical Officer for Wellpath, Inc., a jail and prison healthcare provider. He has over 30 years of experience in the provision of health care in the nation's jails and prisons. He is imminently qualified to perform the audit of the Prince George's County

The Honorable Paula Xinis
April 30, 2020
Page 2

Detention Center required by the Court. Significantly, Wellpath is a competitor of Corizon, Inc., the County's health care provider at the detention center. Thus, Dr. Keldie would have no bias in favor of Corizon and could give the Court an honest assessment of the center's preparedness and response to COVID-19.

The defendant would like to explain to the Court why it opposes at least one expert that the plaintiffs may recommend – Dr. Homer Venters. Dr. Venters is currently the President of Community Oriented Correctional Health Services (COCHS), a non-profit that "works to build connectivity between jails and community health care providers." Their "mission is to integrate community healthcare with correctional healthcare."https://cochs.org/about-us/. Venters previously worked as the Director of Programs for Physicians for Human Rights.Venters has been described as a "Prisoner Health Warrior." https://www.tedmed.com/speakers/show?id=771099. He wrote a book, Life and Death in Rikers Island, in which he argues that jails inherently cause health risks and argues for the closure of Rikers Island. In *Life and Death in Rikers Island*, Dr. Venters explains the profound health risks associated with incarceration. From neglect and sexual abuse to blocked access to care and exposure to brutality, Venters details how jails are designed and run to create new health risks for prisoners—all while forcing doctors and nurses into complicity or silence. The book concludes with the author's analysis of the case for closing Rikers Island jails and his advice on how to do it for the good of the incarcerated.
https://www.amazon.com/Death-Rikers-Island-Homer-Venters/dp/1421427354

Further, Dr. Venters appears willing to offer opinions regarding matters for which he has no expert basis. His testimony in various cases cover a wide variety of issues, and indicate he will testify regarding matters in which he no expertise. .An opinion that sums up the issues with his proposed testimony in Martinez v. GEP Group:

> "The bigger concern with Dr. Venters's testimony, however, is whether Dr. Venters has the expertise to render all of the opinions he offers . . . . defendants raise serious questions as to whether Dr. Venters has the expertise to testify regarding use of force, including whether the detainees posed a threat, whether the use of force was in compliance with policy, and what de-escalating actions should have been taken." Martinez v. GEO Group, No. 5:18-CV-01125-SP (C.D. Cal.).

Dr. Venters, since leaving his employment with the New York City jail system, has been retained by plaintiffs, and only plaintiffs, for expert witness testimony against jails in the following known cases:

- Rodgers v. Martin 2:16-cv-00216 (U.S.D.C. N.D.Tx),
- Fikes v. Abernathy, 2017 7:16-cv-00843-LSC (U.S.D.C. N.D.AL)
- Charleston v. Corizon Health INC, 17-3039 (U.S.D.C. E.D. PA),
- Gambler v. Santa Fe County, 1:17-cv-00617 (WJ/KK)
- Hammonds v. Dekalb County AL, CASE NO.: 4:16-cv-01558-KOB,
- Mathiason v. Rio Arriba County NM, No. D-117-CV-2007-00054
- Lewis v. Gautreaux, et al., 3:16-cv-352-JWD-RLV (M.D. La. 2016)

The Honorable Paula Xinis
April 30, 2020
Page 3

- Zavala v. City of Baton Rouge, No. 17-656-JWD-RLB (M.D. La. 2017)
- Belcher vs. Sheriff Joseph P. Lopinto, No. 2:18-7368 (E.D. La.)

He testified against Corizon, the same health care provider used by the County, in *Charleston v. Corizon Health, Inc.* and has used the term "deliberate indifference" in his expert reports, clearly indicating a knowledge of the legal standard and the advocacy for which he is charged. Finally, it is concerning that on December 19, 2008 the U.S. Public Health Service, Office of Scientific integrity, found that Dr. Venters, while a graduate student at the University of Illinois Urbana-Champagne, intentionally falsified data in two research projects.

    Please be advised that Director McDonough is committed to providing the best care for the inmates in her charge, including the prevention and spread of COVID-19. To that end she would welcome an honest and impartial audit of the measures she taken in response to the worldwide pandemic. Thank you for your consideration.

Sincerely,

Andrew J. Murray