**Second Affidavit of Mary Lou McDonough**

My name is Mary Lou McDonough. I am over 18 years of age and am competent to testify. The following statements are made based upon my personal knowledge and my knowledge as Director of the Prince George's County, Maryland Department of Corrections (DOC). I have previously submitted at Affidavit in this Case.

The purpose of this second Affidavit is to explain and/or rebut claims made by Assistant Public Defender Claire Glenn's second declaration. Because Ms. Glenn's Declaration does not state names of inmates it is difficult to determine the legitimacy of many of the claims.

Since early March 2020, because of the COVID-19 outbreak in the County, the Department of Corrections has worked with the Courts, the State's Attorney's Office (SAO) and the Offices of the Public Defender and many private Defense Attorneys to lower the inmate population of the Jail.  This work has included both the use of four levels of Pre-Trial Release as well as release on Personal Recognizance (PR) and release by the payment of bond. I have no authority to release inmates that the Court has ordered to be detained.

Through these efforts, since March 1, 2020, the inmate daily population in Prince George's County has decreased by over 25%.  On March 1, 2020 our population was at 718 and on May 5, the population was at 534.  Please see the attached chart (Affidavit 2, Exhibit Number ___) which lists most of the populations in local County jails in Maryland.  This information was collected by the Maryland Correctional Administrators Association (MCAA) for use during a presentation before the Judiciary Committee of the House of Delegates on May 7, 2020. Our numbers are particularly striking when compared to Baltimore County, which has 2/3 of the total population of Prince George's County and one and one half times the jail population.

The Prince George's County Department operates a Pre-Trial Release Program in the County as an alternative to incarceration for some defendants who may normally be incarcerated prior to their trials. Pre-trial Programs are funded by local Counties and do not exist in all Counties in Maryland.

The Court has the ability to allow the Department the "option" to release inmates to the program.  The Court may also "order" an inmate to the Pre-Trial Program. The Pre-Trial Program has four Levels of Supervision.  Sometimes the Judge gives the Department the "option" to release an inmate to the Pre-Trial Program while requiring Level IV level of supervision; thus requiring the defendant to meet the criteria for this level of supervision.

The following Pre-Trial release information is a brief synopsis of the four levels of supervision, currently utilized by the Prince George's County Department of Corrections.

**Level I**

Level I is the least restrictive level of supervision.  A defendant placed on this level of supervision calls in to his/her assigned Case Manager on a weekly basis.  This level is granted only to those individuals who have been arrested and detained on a non-violent misdemeanor.  The defendant must also meet the following criteria:  No criminal history, no failures to appear, no pending cases.

**Level II**

Individuals assigned to this level are more likely to be in jail for the first or second time with a criminal past.  Their record has to reflect no recent convictions involving felony/violent crimes and no more than three failures to appear in Court. These defendants must contact their Case

Manager weekly, drug test weekly and meet with their Case Manager at least once every two weeks.

**Level III**

Individuals assigned to Level III must meet the same basic criteria as those placed on Level II, except for the fact that their charges are more serious. Defendants must contact their Case Manager every week, drug test weekly and meet with their Case Manager every week.

**Level IV**

Individuals assigned to level IV are charges with felonies and require the most restrictive form of an alternative to incarceration. They have an electronic tracking device affixed to their leg. They are monitored by their Case Managers and Investigators constantly. They must be released to an address in Prince George's County that meets all of the Judge's restrictions; including victim notification.

Eligibility criteria for our Pre-Trial Release Program is understood by both benches of the District Court and Circuit Court, and has been reviewed at Bench meetings with Judges from both Courts. When an "option" is given, the Department can deny to release to our Pre-Trial Release Program based on the following criteria:

- Nature of current offense(s) misdemeanor vs. felony and how many counts or multiple charges.
- Detainers filed by other public safety law enforcement agencies (Federal, State, County, Local, etc.) whereby the defendant is wanted elsewhere\
- Is there a victim(s) and does the victim fear for their safety if the defendant is released. The Department must obtain a signed victim waiver.

- Criminal history is evaluated.

- Failures to Appear in Court - number and reason.

- Community ties are evaluated - How long has the defendant resided in the Washington Metropolitan area.

- Institutional behavior is evaluated – if known for current intake or previous intakes

- Violation of previous Pre-trial Release regulations within the past five years and the nature of the violation

- Parole or Probation violations

- Ability to secure a verifiable address in the County or in the region, depending on the Level of Pre-Trial Supervision.

In cases when the responses to the above criteria does not allow the Department to release an individual to our Pre-Trial Program, the Judge in the case is notified. In most cases the Judge agrees to our decision not to release a defendant to our Pre-Trial Program. If the Judge does not agree with the Department's evaluation of the criteria, the Judge may issue a Court Order, ordering the Department to release the defendant.

We can only address the specifics of an individual case if we are given the name of the detained.

We cannot release inmates with Bonds set by a Judge, no matter how low the Bond may be, unless the Bond is paid. DOC has no say in how much a bond is set. The defendant's attorney should take these cases back to the Judge who set the Bond.

To my knowledge there are no inmates who have been ordered to Pre-Trial Release who have not been released to the Program. Please provide me with names and I will follow all Court Orders.

**I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND BASED UPON MY PERSONAL KNOWLEDGE AND THE KNOWLEDGE OF THE COUNTY CORRECTIONAL FACILITY.**

| | |
|---|---|
| _[signature]_ | <u>May 11, 2020</u> |
| Mary Lou McDonough | Date |