May 18, 2020

The Honorable Paula Xinis
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

       Re: *Keith Seth v. Mary Lou McDonough*,
           Case No.: 20-cv—PX 1028

Dear Judge Xinis:

    Pursuant to the Letter Order dated May 12, 2020, Defendant Mary Lou McDonough submits her argument regarding the applicability of the Prison Litigation Reform Act to Plaintiffs' claims and request for relief.

    Plaintiffs' assert two claims of violation of 42 U.S.C. § 1983 – Eighth and Fourteenth Amendment (Count I – insufficient response to COVID-19), violation of 42 U.S.C. § 1983 – over detention (Count II); and request for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This compulsory language signifies that a court may not excuse a failure to exhaust, even to take "special circumstances" into account. Thus, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion. *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21. Repeatedly, the United States Supreme Court rejected every attempt to deviate from the PLRA's textual mandate. See *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958; *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12; *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368. Thus even during this pandemic, PLRA requirement that a prisoner must exhaust administrative remedies may not be excused, as long as, administrative remedies are available to prisoners. 42 U.S.C §1997(a); *Swain v. Junior*, 2020 WL 2161317 (11th Cir. May 5, 2020). Since PLRA's requirement to exhaust administrative remedies is an affirmative defense and not a pleading requirement, the determination of a prisoner's exhaustion of administrative remedies is a relevant inquiry in the determination of the entitlement to a preliminary injunction because the preliminary injunction stage and trial share the same burdens. *Id.* citing *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Gonzales v. O*

*Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006).

Applied to the present, Plaintiffs' claims in Counts I and II squarely fall within the review of PLRA. These claims are pursuant to Section 42 U.S.C. §1983 and set forth allegations of fact to support a claim regarding the jail conditions during the COVID 19 pandemic as they specifically relate to procedures implemented to prevent/control the spread of COVID 19 within the jail and over detention. The finally claim seeking habeas corpus relief is also premised on the jail conditions during the pandemic. Thus, all of Plaintiffs' claims are subject to PLRA requirement that administrative remedies be exhausted prior to filing suit.

The Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of [the administrative remedy]." *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir.2008). Thus, relevant inquiry is whether the jail's formal grievance procedure was "available" to the Plaintiff or whether Plaintiff was prevented from obtaining access to the jail's grievance process. Here, the record is void of any grievances filed during the relevant time period by Plaintiff David Smith, the only remaining named Plaintiff in this matter. As evidenced by the grievances filed by other inmates, emails and letters from inmate family members, and the Inmate Handbook (ECF 37-4), the grievance procedure is available, but Plaintiff nor John Does availed themselves of it. Moreover, Plaintiff nor the John Does make the assertion that the grievance procedure was not available or that they had no knowledge of it. Plaintiff David Smith and/or John Does must present facts that show that he was prevented, through no fault of his own, from availing himself of the procedure. He cannot sustain such a burden. Based on two isolated incidents, Dr. Franco-Paredes reports there is no meaningful grievance procedure; however, there is no mention of the inmate handbook where the procedure is outlined. Moreover, Dr. Franco-Paredes omits any discussion on how he came to the conclusion. Nor does he attempt to reconcile those isolated incidents with the grievances previously provided to this court. (ECF 37-4).

Also, the grievances and letters from inmate family members evidences the responsiveness of Defendant to inmates and family concerns. Prompt written responses and medical attention was provided to inmates and family members. (ECF 37-4). The record reflects that in response to the pandemic, the jail implemented procedures to safeguard the health of inmates. Dr. Franco-Parades report also reflects Defendant's willingness to reassess procedures and implement new procedures to prevent the spread of COVID 19 in the jail. More importantly, it must be noted that, at time of Dr. Franco-Parades inspection of the jail, none of the interviewed inmates had any complaints regarding the conditions and care received at the jail. Defendant's transparency and openness also reflects Defendant's belief that this pandemic not only poses a health risk to inmates, but to correctional officers as well.

As the PLRA relates to Plaintiffs' writ of habeas corpus relief, an inmate charged with state criminal charges generally must exhaust state remedies prior to seeking habeas

corpus relief in federal court. See 28 U.S.C. §§ 2254(b)(1), (c). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state-court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)(citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Applied here, inmates detained at the Prince George's County Correctional Center are generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one "complete round of the State's established appellate review process." *Id*. Therefore, this Court must determine whether the named Plaintiff exhausted his state remedies, but also whether he properly exhausted those remedies...." *Id.*, at 848, 119 S.Ct 1728.

State remedies are deemed "exhausted" "when they are no longer available, regardless of the reason for their unavailability." *Id.*; *Gray v. Netherland,* 518 U.S. 152, 161, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Here, Plaintiff's claim for habeas corpus relief is premised on the claim that Defendant is illegally detaining individuals after a state court judge ordered their release. In effect, Defendant is alleged to have violated a state court order. Plaintiffs have failed to assert or present any evidence that the state court is unavailable or incapable of providing Plaintiffs the relief they seek. In fact, publicly available court information demonstrates that the district and circuit courts of Prince George's County are capable and available to hold hearings and grant the relief requested, if warranted.

For all of the above reasons, Defendant respectfully submits that the PLRA precludes all of Plaintiffs' claims for relief and must be dismissed.

Sincerely,

*Andrew J. Murray*

Andrew J. Murray
Deputy County Attorney

Shelley L. Johnson
Ann E. Koshy
Associate County Attorneys