# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KEITH SETH,** *et al.* : | |
| : | |
| **Plaintiffs-Petitioner** : | |
| : | |
| v. : | Civil Action No. 20-1028 PX |
| : | |
| **MARY LOU MCDONDOUGH** : | |
| : | |
| **Defendant-Respondent.** : | |

## SECOND MOTION FOR LEAVE TO SUPPLEMENT RECORD FOR HEARING ON TEMPORARY RESTRAINING ORDER
(Third Affidavit of Mary Lou McDonough, Affidavit Earnest L. Carter, M.D., CDC COVID-19 Population Hospitalization Graph, Prince George's County Detention Center Population Demographics, Prince George's County Correctional Center List of Inmates, and Affidavit of Jeff Logan, with exhibits)

The Defendant, Mary Lou McDonough, by counsel, respectfully moves this Honorable Court for leave to supplement the record before the Court for its consideration of Plaintiffs' motion for temporary restraining order, and as reasons therefore states:

1.Plaintiffs filed the instant action for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief, and Motion for Class Action purportedly supported by over 20 affidavits, two affidavits from medical doctors, and full memoranda of law. It was apparent that the plaintiffs had prepared their action over the course of several weeks and had consulted with experts before the action was filed.

2. Defendants were given only three days to respond to the complaint for TRO and had to simultaneously produce hundreds of documents ordered by the Court.

3. Plaintiffs were given an opportunity to reply to the defendant's response and supplement the record with affidavits from experts expressing concern over testing and likely presence of corona virus throughout the jail, and an affidavit from Ms. Claire Glenn,Esq., purporting to support

1

plaintiffs' "over detention" claim.

4. The Defendant respectfully submits that it would be improvident to rule on the complaint for TRO without a record , and benefit of, the attached affidavits of Mary Lou McDonough, Earnest L. Carter, MD., the Centers for Disease Control Graph on Hospitalizations, the jail's inmate population age demographics, and affidavit of Jeffrey Logan. As the litigation has progressed and issues vetted, the defendant submits that the proposed supplements to the record contain important information addressing those issues. More specifically:

a. With respect to the first prong of the 8th and 14th Amendment analysis, i.e., the requirement of a severe risk of substantial harm *to the inmates*,[1] the affidavit of Dr. Earnest L. Carter, M.D. (exhibit 1), and Incidence of Hospitalization Graph from the CDC (exhibit 2) demonstrate that the risk to inmates between the ages of 18-49 (without pre-existing conditions) of requiring hospitalization due to COVID-19 is extremely small and likely not of a constitutional dimension. The CDC graph indicates that the incidence of hospitalization due to COVID-19 in this age group is approximately 30 out of 100,000 persons. This is a fraction of less than 1%. The jail's population age demographics (exhibit 3) demonstrate that the vast majority of inmates fall within the 18-49 age range. Thus, COVID-19 poses little risk of serious harm to this significant segment

---

[1] The report of Dr. Carlos Franco-Paredas in large measure focuses on the jail's COVID-19 response from an overall public health perspective. See for example, his comment on page 11 of his report:

"After conducting my inspection of the PGCJ, where I had the opportunity to speak with inmates and staff and observe the dynamics of the different units, it is my opinion that additional interventions are necessary to protect inmate, staff, and *ultimately strengthen community safety.*

<u>General recommendations:</u>
- This unprecedented pandemic calls for unprecedented measures in every setting but particularly in congregate settings.
- No one living inside the Jail *or outside in the larger community in Prince George's County* is safe until there is interruption of coronavirus transmission."

However, the law focuses on the substantial risk of harm to a particular inmate.

of the jail's population. The report of Dr. Franco- Paredas supports this conclusion.[2] There continues to be not a single case of COVID-19 in the jail that has required hospitalization.

      b. With respect to the jail's ability to test, Dr. Carter explains the difficulty experienced by the County's Health Department in obtaining test kits and the lack of priority placed upon inmate testing by the State of Maryland's Health Department. The jail was only recently able to get more test kits through its vendor, Corizon, and is implementing the testing suggested (for the most part) by Dr. Franco-Paredas (see Third affidavit of Mary Lou McDonough-exhibit 4).

      c. With respect to the "plan" to protect high-risk inmates, the affidavits of Dr. Carter and Ms. McDonough demonstrate that the plan has been, and remains, to keep those inmates in place and monitor them. This decision was made by Ms. McDonough after consultation with Dr. Carter, the jail's health administrator and Dr. Meski, and is based on a concern that segregating and quarantining this group together would mean the each must be moved through the jail and be exposed to a different group of people than their current exposure. This concern and plan was discussed at the time of lock-down – April 1, 2020. This demonstrates that Ms. McDonough was concerned about and considered protective measures for high risk detainees and relied on the advice of medical professionals. Thus, she could not be found to have been deliberately indifferent to her inmates' serious medical needs.

      d. With respect to plaintiff's claim of over detention by the jail, the affidavit of Jeffrey Logan (exhibit 5) and his attached explanation in response to the plaintiff's list of claimed over-detained individuals clarifies that no person has been detained in contravention of a court order.

      WHEREFORE, the Defendant, Mary Lou McDonough, respectfully requests that this

---

[2] See Report of Dr. Carlos Franco-Paredas at page 7 – "Except for one case among a 74-year-old female, all other cases with documented COVID-19 were detainees at low risk of severe COVID-19 (younger than 55 and without underlying conditions of risk). In fact, according to the May 7, 2020 census, 93% of all detainees at PGCJ are younger than 55 years of age."

Honorable Court grant the Defendant's motion for leave to supplement the record before the Court for its consideration of plaintiffs' motion for temporary restraining order and allow the filing of the attached affidavits, CDC graph, and jail inmate population information.

ANDREW J. MURRAY
Deputy County Attorney


_____/s/_____


Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
301-952-3932
ajmurray@co.pg.md.us