**PRINCE GEORGE'S COUNTY
DEPARTMENT OF CORRECTIONS
BUREAU OF OPERATIONS
POPULATION MANAGEMENT DIVISION**

May 18, 2020

**AFFIDAVIT BY JEFF LOGAN, CHIEF OF POPULATION MANAGEMENT**

**Referencing Civil Action No. 8:20-cv-01028-PHX**

As the Division Chief of the Population Management Division for the Prince George's County Department of Corrections (PGCDOC) and having functioned in that capacity and position for over 10 years, I am responding with and from an abundance of knowledge regarding how the PGCDOC's Pretrial Release program intricately works.

Plaintiffs make several allegations and assumptions in their "Motion to Supplement the Record" and accompanying affidavit by Assistant Public Defender Claire Glenn. Subsequent to that filing, Plaintiffs provided a "List of Detainees Approved or Ordered Released" dated May 13, 2020 ("May 13th List") which my division has reviewed and researched.  I will respond to how the Population Management Division researched and compiled responses to the May 13th List, which is attached herein as **Attachment A**.

**How Respondent Compiled its Responses to Plaintiffs' May 13th List:**

1. All criminal defendants listed by the Plaintiff ("Listed Defendants") were identified utilizing the PGCDOC's computer database known as the Offender Management System (OMS). Each defendant's name was checked to determine the following:

   a) Name
   b) Case Number(s)
   c) Charge(s)
   d) Bond Amount(s), if any
   e) Warrant(s)-open, pending, and or served
   f) "Comments" Field for status updates to include judge's comments, bond hearing or other court docket entries input by PGCDOC Records Paralegals, and Population Management supervisors' coded comments
   g) Mental Health and/or Medical Health information
   h) Pretrial release status (for all Prince George's County cases for which the defendant is currently committed to PGCDOC)
   i) Whether pretrial release was ordered or authorized by the presiding judge.

2. PGCDOC requires specific information that must be collected in a prescreening interview with a defendant and verified prior to any defendant's release on Pretrial Release Level IV:
   a. Non-violent offense (unless otherwise ordered or approved by PGCDOC)

1

      b. Inmate's identity, address and telephone number;
      c. Full criminal history check to ensure no open warrants, detainers or pending charges (other than the intake case, and that all pending cases allow pretrial release);
      d. Residence in Prince George's County, MD;
      e. Employment/school address and schedule;
      f. Have and maintain an operable telephone;
      g. Ability to reside with a cooperative family member willing to accept program rules;
      h. Be employed or willing to participate in full-time employment, education and/or training;
      i. References to establish community ties;
      j. Employment history;
      k. Past and present substance usage and abuse;
      l. Medical information (for any medication compliance requirements);
      m. Any other conditions ordered by the court, such as victim contacts, social media information, internet access, .etc.)

This process is outlined in PGCDOC Policy and Procedure 20.3 Pre-Trial Investigation Services. **See Attachment B.** Once PGCDOC determines that a defendant who has been ordered to pretrial release cannot satisfy one or more of these criteria, PGCDOC informs the court that issued the order for pretrial release ("the issuing court") and awaits further instructions. This information is required in order to determine the proper parameters of electronic monitoring for each individual defendant. Without proper home address verification, for example, GPS monitoring of a defendant's location would be meaningless, especially if there are stay-away orders or restrictions on activity. The time it takes to obtain this information can vary for each defendant, as it is based on the amount of time responses are received from external sources and involved individuals, such as employers and alleged victims.

3. All Listed Defendants were checked for all possible issues that needed to be investigated, mitigated, or reviewed prior to any status being recorded or defendant being released or coded that s/he can't be released at current time. Some of the issues that may affect a defendant's release are:
      a. Contacting the victim(s);
      b. Verifying an address;
      c. Verifying a Prince George's County address of residency. This is important because we have field investigators that check on clients (defendants) released on Level 4 Supervision, either on Electronic Monitoring ("EM") or Home Detention for County-sentenced defendants ("HD"). A home address is essential for both EM and HD.

The courts have entrusted the PGCDOC's alternative to incarceration programs, as far as EM and HD are concerned, to check on these defendants at least three (3) times per week at their respective Prince George's County residence, school, and/or place of employment.

4. Criminal defense attorneys have often contacted PGCDOC in order to ask about the status of his/her client's pretrial release. **See Attachment C ‑ Typical Email Communication with Defense Attorney.** Generally, in cases where there is confusion or disagreement with a defendant's criminal defense attorney about a defendant's pretrial release conditions, the attorney would contact the court for clarification or intervention.

5. As of the date of this Affidavit, PGCDOC has 151 defendants on EM and HD and 120 defendants being monitored on Levels II and III. Currently, the aggregate is 271.

6. All Listed Defendants were also cross-referenced with the population list being maintained in the Monitoring Service Unit which records statuses for defendants being considered for either EM or HD. It is important to note that the court status of any of these defendants can change from day to day or week to week, month-to month. The Unit attempts to verify all information to work towards releasing a defendant, but there are circumstances the Unit cannot control, such as a victim's reactions to potential release, family members/friends who are hesitant or reluctant to allow a defendant to live with them, stipulations that can't be successfully implemented or monitored (for instance-"Release Defendant but s/he is to have no contact with anyone in the community under the age of 18" or "no access to any Internet device or the Internet," etc.). While PGCDOC continuously works to obtain and verify information, screening any defendant for pretrial release can take anywhere from a few days to a few weeks, even with assistance from defense attorneys to find new friends or family to approach or alternate contact information when initial information is not successfully verified.

7. All Listed Defendants who had court statuses that needed updates were cross-referenced with information from OMS, the courts, CAPS (Court Applications Portal), and Maryland Case Search.

8. Only Listed Defendants who had open warrants had their Records Base File reviewed to determine if the warrant is valid, extraditable, and if the jurisdiction wants to have custody of the defendant once s/he finishes all pending Prince George's County charges.

9. No Listed Defendants were released due to the Plaintiff's lawsuit or May 13th list. Any defendants that were released or held in custody were effectuated as a part of the PGCDOC's adherence to court orders, its routine operational policy and procedures governing custody, alternatives to incarceration, and release to either maintain custodial care of all defendants committed to the PCCDOC based on a court officer or other public safety agency, or conversely, a court officer or other public safety agency submitting a "Release" to the PGCDOC, resulting in the PGCDOC relinquishing custody of said defendant.

**Professional Observations about the Plaintiff's Complaint and May 13th List**

The Plaintiffs, by Ms. Claire Glenn's representations throughout her Affidavit (ECF 61-1), and the May 13e List, continues to use **misleading** phrases, such as "…approved for release…". The PGCDOC receives court status updates on defendants from each court hearing, where the judge has determined:
- the defendant will not be granted the "option" (or "authorization") of pretrial release;
- the defendant is granted the "option" of pretrial release (Supervision Level is sometimes established by the judge, but otherwise left to the discretion of the PGCDOC); or
- the judge has ordered the defendant released on [a pre-determined level of] pretrial supervision.

Even if a defendant is court-ordered for pretrial release, PGCDOC must ensure that its Electronic Monitoring criteria, as well as any additional criteria set by the court, are met prior to release in order to properly effectuate electronic monitoring. Pretrial release is conditional on meeting those criteria. This has been the practice for decades. The Courts are aware of this, as are criminal defense counsel. If defense counsel disagrees with the Unit's application of release criteria or contests its findings, they will seek court intervention. If an inmate ordered to pre-trial release does not qualify for it, the Court is notified and may then order the release anyway or revisit the inmate's bond status.

The PGCDOC Community Supervision staff work exhaustively, attempting to find reasonable ways to effectuate releasing defendants, not the opposite.

Countless human-resource allocation has gone into researching each of these defendants on the May 13th List. In most cases, it has impeded our staff's ability to actually work on cases to facilitate pretrial release (i.e. analysis, review, follow-up with other public safety agencies, defendant's victim(s), family members, trying to obtain a viable address, working with Mental Health Court and other external psychological services providers attempting to get these defendants critical care and assistance etc.).

**Warrants-Warrant Service Etc.**

The PGCDOC has not changed its procedures for serving and or servicing of warrants for defendants held in its custodial care. Ms. Glenn states that the PGCDOC's serving and or servicing of warrants has impeded defendants being released through pretrial services. There are times that open warrants and detainers do hold up a defendant's release because case managers have to ensure whether the warrant is still valid, and if the public safety agency that filed the warrant is willing to extradite the defendant to their jurisdiction, etc.

**Conclusion**

On its face, as stated in my first and current Affidavits, the Ms. Glenn's affidavit paints a picture that the PGCDOC is going out of its way not to release defendants, regardless of whether they have been granted the option of pretrial release and/or Home Detention, court-ordered or not. However, I can unequivocally state the PGCDOC's entire community supervision program is accomplishing the antithesis of what the Plaintiffs are alleging. PGCDOC follows all court orders and instructions in effectuating the pretrial release of inmates.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE AND BASED UPON PERSONAL KNOWLEDGE.

_____  5/8/20 @ 8:28pm
Jeffrey Logan
Chief, Population Management Division
Prince George's County Department of Corrections