IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH SETH, *et al.*, | * | |
| Individually and on behalf of a class | | |
| of similarly situated persons, | * | |
| | | |
| Plaintiffs, | * | |
| | | |
| v. | * | Civil Action No. 8:20-cv-01028-PX |
| | | |
| | * | |
| MARY LOU MCDONOUGH, | | |
| In her official capacity as | * | |
| Director of the Prince George's County | | |
| Department of Corrections, | * | |
| | | |
| Defendant. | * | |
| | *** | |

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, the Court finds that immediate injunctive relief is warranted and rules as follows:

1. **Within five (5) days of this Order**, Defendants shall file with the Court a comprehensive written plan or protocol regarding identification, monitoring, treatment, and housing of detainees who are "high risk" for suffering adverse outcomes if infected with COVID-19. High Risk detainees are:

    Detainees who are aged 65 or over and/or who have any of the following conditions specifically identified by the United States Centers for Disease Control: (a) chronic lung disease including moderate to severe asthma, COPD, emphysema, chronic bronchitis, idiopathic pulmonary fibrosis and/or cystic fibrosis; (b) immunocompromised status, including status as a transplant recipient, on chemotherapy, HIV positive, prolonged use of corticosteroids, using immunosuppressive medication, and/or having an immune deficiency; (c) severe obesity (BMI of 40 or higher); (d) diabetes mellitus Type I or Type II; (e) gestational diabetes mellitus; (f) chronic kidney disease on dialysis; (g) chronic liver diseases, cirrhosis; and/or (g) serious heart conditions, including congestive heart failure, coronary artery disease, congenital heart disease, cardiomyopathy, and/or pulmonary hypertension.

    The plan must address specifically the steps the Facility will take to secure such High Risk detainees single-cell housing when appropriate.

2. **Within five (5) days** of this Order, Defendants shall file with the Court a comprehensive written plan or protocol that addresses training, education, and supervision of Defendant's staff (medical and corrections officers) on (a) identifying symptoms of COVID-19 in detainees; (b) rendering timely medical care to such detainees; (c) improving sick call response time for COVID-19 symptomatic detainees; and (d) ensuring regularity and accuracy of temperature checks.

3. **Within five (5) days** of this Order, Defendant shall file with this Court a comprehensive written plan or protocol that establishes (a) criteria for when to administer COVID-19 tests to current detainees and new detainees in initial 14-day quarantine; (b) the Facility's plan for obtaining additional test kits as needed; (c) criteria for isolating, and releasing from isolation, COVID-19 positive and symptomatic detainees.

4. **Within fourteen (14) and twenty-eight (28) days** from this Order, the Defendant shall file with this Court (a) the total number of tests administered and the total number of confirmed COVID-19 positive detainees to date; (b) for each COVID-19 positive detainee detected after May 11, the date of positive result, his or her prior housing unit, the date of his or her transfer to isolation, and if applicable, the date of his or her return to general population.

5. **Within fourteen (14) days** from this Order, Defendant shall provide the Court a comprehensive written plan or protocol regarding continued (a) provision of soap to detainees and adequate cleaning supplies (e.g. Spray-Nine) to housing units; (b) social distancing measures; (c) provision of adequate supply of face masks for detainees; and (d) any other protocols or practices the Facility has otherwise implemented in response to Dr. Franco-Paredes' May 11, 2020 report.

The Court finds that the above-described relief is narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to prevent irreparable harm and injury to the Plaintiffs.

On **June 22, 2020, at 1:00 p.m.,** the parties shall participate in a telephonic status conference with the Court to determine whether this order should be extended or modified. *See* Fed. R. Civ. P. 65(b)(2). By no later than **June 19, 2020 at 5:00 p.m.**, parties are to submit simultaneous letter pleadings not to exceed five pages exclusive of exhibits as to whether continued relief is warranted.

|  |  |
|---|---|
|     5/21/2020 |     /S/ |
| Date | Paula Xinis<br>United States District Judge |