## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH SETH, et al.,<br>Individually and on behalf of a class of similarly situated persons<br><br>               Plaintiffs-Petitioners,<br><br>v.<br><br>MARY LOU MCDONOUGH,<br>In her official capacity as Director of the Prince George's County Department of Corrections<br><br>             Defendant-Respondent. | No.   8:20-cv-1028-PX<br><br><br>**Memorandum in Support of Plaintiffs' Emergency Motion for Relief Pursuant to Federal Rule of Civil Procedure 30(b)(4)** |

Defendant has noticed depositions for three currently incarcerated Plaintiffs and three released Plaintiffs.  In light of the ongoing COVID-19 pandemic and the presence of the virus both in and out of the Prince George's County Department of Corrections ("the Jail"), Plaintiffs have asked Defendant to conduct the depositions remotely either telephonically or via a web-based video conferencing system.  (Notably, Plaintiffs intend to take all depositions they have noticed by such means). Having failed to reach consensus on the method of taking the deposition for these individuals, Plaintiffs now move this Court for relief pursuant to Federal Rule of Civil Procedure 30(b)(4) mandating that the depositions take place remotely either via telephone or a web-based video conferencing system.

I.      ARGUMENT

Federal Rule of Civil Procedure 30(b)(4) provides that "the court may on motion order that a deposition be taken by telephone or other remote means."  Under Rule 30(b)(4), "[t]he party seeking to take depositions by telephone must establish a legitimate reason for its

motion."[1]  *Brown v. Carr*, 236 F.R.D. 311, 312 (S.D. Tex. 2006) (citing *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996)); *see also Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 446 (W.D. Mich. 1993) ("[T]he Court concludes that leave to take telephonic depositions should be liberally granted in appropriate cases.... Thus, upon giving a legitimate reason for taking a deposition telephonically, the movant need not further show an extraordinary need for the deposition." (quoting *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 430-431 (M.D.N.C. 1986)).  Once a legitimate reason for the telephonic deposition has been given, "the party opposing depositions by telephone has the burden to establish good cause as to why they should not be conducted by telephone."  *Brown*, 236 F.R.D. at 312 (citing *Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 76 (E.D. Pa. 2005)); *see also Rehau, Inc.*, 145 F.R.D. at 446-447 ("Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically. (quoting *Jahr*, 109 F.R.D. at 430-431)).  "Generally, leave to take depositions by telephone should be granted liberally."  *Brown*, 236 F.R.D. at 313 (citing *Jahr*, 109 F.R.D. at 431.).

The legitimate reason to conduct the depositions remotely here is plain and obvious: The COVID-19 pandemic continues to impact the Prince George's County Jail and the surrounding areas.  Last week, Defendant informed the Court that six people incarcerated at the Jail tested positive for COVID-19.  Def.'s 14-Day Reporting at 2, ECF No. 95 (noting six positive cases of COVID-19).  Also, in the last week, there have been 1,013 new confirmed cases of COVID-19 in

---

[1] Some of the cases relied on by Plaintiffs interpret the precursor to the current Rule 30(b)(4), which was identical to the current rule.  *Compare Brown*, 236 F.R.D. at 312 ("The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions. (quoting Fed. R. Civ. P. 30(b)(7) (2006)) *with* Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.").

Prince George's County and 45 deaths.[2]  As a result of the pandemic, the Prince George's County Public Defender's Office has determined that it is unsafe for its attorneys to visit the Jail, even to conduct "non-contact" visits.  *See* Rettamel Decl. (Doc. 44-1 at 122) ¶ 4.

The Centers for Disease Control and Prevention continue to recommend avoiding close, indoor contact with other people, especially those not in your household, because one of the primary means of transmitting COVID-19 is through respiratory droplets from an infected person.[3]  Given this reality, the unnecessary risk of transmission of COVID-19 is a more than legitimate reason to conduct the depositions remotely by telephone or other web-based video conferencing system.  *See Chen v. K.O.O. Construction, Inc.*, No. 19cv1535-JAH-LL, 2020 WL 2631444, at *1 (S.D. Cal. May 8, 2020) (authorizing remote depositions in light of COVID-19). There is simply no reason to expose the witness, Defendant's counsel, Plaintiffs' counsel, or a court reporter to the risk of contracting COVID-19 to take the requested depositions.

It is for this reason that Plaintiffs have already arranged to conduct all of its noticed depositions remotely using the WebEx platform.  Using that platform, or any of a host of other similar programs, counsel will be able to see and hear the witness by video, the court reporter will be able to conduct his or her duties remotely, and counsel will be able to show any documents to the witness and counsel on the screen.  Even if the Jail is unable to provide a computer with a web camera and internet to incarcerated people at the Jail for the purpose of conducting the depositions, the depositions may be taken by telephone and any documents on which Defendant's counsel intends to rely may be provided to Plaintiff's counsel by email and to

---

[2] *See* Prince George's COVID 19 Dashboard, Week at a Glance,
https://princegeorges.maps.arcgis.com/apps/MapSeries/index.html?appid=82fa5c47b1f542849ca6162ab1564453
[3] *See* How to Protect Yourself & Others, CDC, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html

the witness in paper format by personnel at the Jail.  Despite the ease by which technology now permits depositions to be conducted remotely, Defendant intends to take the depositions of incarcerated Plaintiffs in person at the Jail exposing Defendant's counsel, Plaintiffs, Plaintiffs' counsel, and a court reporter to the unnecessary risk of exposure to COVID-19.

In the face of the legitimate reason to conduct these depositions remotely, Defendant offers no reason at all— certainly not "good cause"—not to conduct these depositions remotely given the pandemic.  *Brown*, 236 F.R.D. at 312 (noting that once a legitimate reason for the telephonic deposition has been given, "the party opposing depositions by telephone has the burden to establish good cause as to why they should not be conducted by telephone"  (citing *Loughin*, 234 F.R.D. at 76)); *see also Rehau, Inc.*, 145 F.R.D. at 446-447 ("[T]he burden is on the opposing party to establish why the deposition should not be conducted telephonically." (quoting *Jahr*, 109 F.R.D. at 430-431)).

Accordingly, this Court should instruct the Parties to conduct the depositions remotely with each counsel appearing virtually or telephonically from their respective homes, offices, or other non-Jail locations; and a virtual or telephonically appearing court reporter.[4]

II.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court order that depositions of incarcerated individuals be taken remotely via telephone or a web-based video conferencing system.

---

[4] While this Court may provide the requested relief solely under Rule 30(b)(4), Plaintiffs are also entitled to the relief sought here—remote depositions—under Rule 26(c), which provides for protective order relief for "good cause" shown.  Fed. R. Civ. P. 26(c)(1); *see also Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 277-280 (D. Md. 2012) (evaluating whether to permit a telephonic deposition under Rule 26(c)'s "good cause" standard).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 1984).  The same legitimate reasons for granting relief under Rule 30(b)(4) also demonstrate "good cause" for granting the requested relief under Rule 26(c).

06/15/2020

By:   /s/ Edward Williams
Edward Williams (Bar No. 20944)
Cadene Russell Brooks (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
ed.williams@wilmerhale.com
Phone: (202) 663-6487

Elizabeth Rossi (Bar No. 19616)
Katherine Chamblee-Ryan (*pro hac vice*)
Olevia Boykin (*pro hac vice*)
Ryan Downer (*pro hac vice*)
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
katie@civilrightscorps.org
Phone: (610) 931-7715