IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH SETH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 8:20-cv-01028-PX |
| v. | ) |
| | ) |
| MARY LOU MCDONOUGH, | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of this Protective Order and ORDERS as follows:

**SECTION 1. Protected Health Information.** The parties, by and through their attorneys of record, are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to Plaintiffs as well as certain individuals currently or previously in the custody of Prince George's County Department of Corrections whose protected health information may be disclosed during the course of discovery in this action (collectively, with Plaintiffs, the "Protected Patients").[1] Such disclosure shall be consistent and in compliance with the terms and conditions of this Protective Order. Nothing in this Protective Order shall afford any degree of confidential protection to or prohibit any Party from publicly disclosing any "protected health information" which any Protected Patient publicly discloses or has publicly disclosed or disseminated at any time.

---

[1] The entry of this Protective Order does not constitute any finding that class-wide discovery is appropriate, nor does this Protective Order prejudice any party's right to object to class-wide discovery.

a. Any party's disclosure of any protected health information pursuant to this Protective Order shall be used solely for purposes of this litigation and shall not be used for any other purpose of any kind. See 45 C.F.R. § 164.512(e)(1).

b. For the purposes of this Protective Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

c. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to the Protected Patients to counsel of record in the above-captioned litigation.

d. The parties and their attorneys shall be permitted to use or disclose the protected health information of the Protected Patients for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, and trial consultants.

e. Prior to disclosing Protected Patients' protected health information to persons involved in this litigation, counsel shall inform each recipient of such information that the Protected Patients' protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons

receiving the Protected Patients' protected health information do not use or disclose such information for any purpose other than this litigation.

        f.      The return and/or destruction of the Protected Patients' protected health information shall comply with Section 3 of this Protective Order.

        g.      Nothing in this Protective Order authorizes counsel for Plaintiffs to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

        h.      While the protected health information of the Protected Patients may be marked as "Confidential" or "Confidential – Attorneys' Eyes" only, the disclosure of such information shall be controlled, governed and authorized pursuant to this Section 1 (including subparts a. through h.) and, if stamped "Confidential" or "Confidential – Attorneys' Eyes," then subject to the provisions of Section 2 below as well.

        i.      With respect to the production of email communications, the Court hereby orders all parties and subpoenaed third parties shall disclose such information as it relates to responsive email communications and neither the parties nor any subpoenaed third party shall redact the personal health information of any Protected Patient from the contents of any documents reflecting responsive email communications, unless such information is the subject of an objection based upon grounds other than the Health Insurance and Portability Act of 1996 ("HIPAA"). Nothing herein is intended to otherwise alter or amend any agreement among the parties or any subpoenaed third parties related to the production of email communications. Moreover, nothing in this Protective Order is intended to address any privilege objection raised by any party, which may be raised separately with the Court.

**SECTION 2.** <u>**Nondisclosure of Other Confidential Documents**</u>. In addition to the foregoing limitations on the production of protected health information, the Court further orders as follows:

a. <u>Limitations upon "Stamped Confidential Documents"</u>. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Protective Order, no "stamped confidential document" may be disclosed to any person. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" or "Confidential – Attorneys' Eyes Only" to signify that it contains information believed to be subject to protection under the applicable <u>Federal Rules of Civil Procedure</u> and this Protective Order.

b. <u>Confidential Designation of Documents</u>. For purposes of this Protective Order, the term "document" means all written, recorded, or graphic material, whether produced pursuant to a request for production, *subpoena duces tecum*, subpoena, by agreement, or by any other means. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. Any party may designate any document produced in this litigation as "Confidential" or "Confidential – Attorneys' Eyes' Only" notwithstanding whether it is the original producing party, subject to the provisions of Section 2.a. of this Protective Order. Any third party producing documents pursuant to a subpoena shall be provided with a copy of this

Protective Order and shall be permitted to designate any document it produces as confidential pursuant to the terms of this Protective Order.

    c.        <u>Permissible Disclosure</u>. Notwithstanding Section 2.a. of this Protective Order, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this specific action/litigation as cited in the style above; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in such litigation; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court). Such documents may also be disclosed:

        i.        to the parties involved in this litigation for use in this litigation, except that neither documents stamped "Confidential" or "Confidential – Attorneys' Eyes' Only" by the Defendant or any third party nor information contained in documents stamped "Confidential" or "Confidential – Attorneys' Eyes' Only" by the Defendant or any third party shall be provided to any Plaintiff or putative class member except as provided under Section 2.c. or 2.d.[2];

        ii.        to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

---

[2] Counsel for defendant agreed that, between the date of submission of the Proposed Protective Order, and the hearing currently scheduled for June 22, 2020, at which time the parties will seek direction from the Court on the method of production of documentation identifying anonymous declarants for Plaintiffs, counsel for Defendants will not disclose to Defendant any such document, which Plaintiffs' counsel may mark as "Confidential – Attorneys' Eyes Only." Thereafter, the parties will abide by any guidance provided by the Court. Plaintiffs have agreed to this limitation solely for the purpose of expediting discovery prior to the June 22, 2020 Status Conference and reserve the right to argue that the same restrictions applied to Plaintiffs with respect to documents designated "Confidential – Attorneys' Eyes Only" by Defendant should equally apply to Director McDonough for documents designated "Confidential – Attorneys' Eyes Only" by Plaintiffs.

                iii.      to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third- party contractors performing one or more of these functions; provided however, that in all such cases the individual to whom disclosure is to be made has signed, and counsel for the relevant party has maintained a form containing:  (a) a recital that the signatory has read and understands this Protective Order; and (b) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents may constitute contempt of Court.  If a party marks confidential material with the additional designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY," then that material shall not be disclosed to anyone other than counsel of record for the parties and personnel directly employed by counsel of record. If either party seeks broader disclosure of the material, counsel shall confer in good faith to negotiate appropriate redactions or restrictions that would allow such disclosure before bringing the matter to the attention of the Court.

        d.      <u>Declassification</u>. If a party to this Protective Order who is to receive any stamped confidential documents produced in accordance with this Order disagrees with respect to its designation as confidential, in full or in part, it shall notify the designating party in writing, and the parties will thereupon confer in good faith as to the status of the subject information proffered within the context of this Protective Order. If the parties are unable to agree upon the status of the subject information, any party to this Protective Order may raise the issue of such designation with the Court, which shall decide the issue. The Court may raise the issue of designation of the

protected status without request from a party. In any disagreement over a designation of confidentiality, the designating party bears the burden of proving that the designated information is protected under the Federal Rules of Civil Procedure.

  e.  Confidential Information in Depositions.  In the context of depositions taken in this matter, the following shall apply:

    i.  A deponent may during any deposition be shown and examined about stamped confidential documents if the provisions of Section 2.c. are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Section 2.c. A deponent who is not a party or a representative of a party shall be furnished a copy of this Protective Order before being examined about, or asked to produce, potentially confidential documents.

    ii.  Parties (and deponents) may, within seven (7) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential -- Subject to Protection Pursuant to Court Order." Until expiration of the seven-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

f.         Confidential Information at Trial. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives three (3) business days advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

g.         Subpoena by Other Courts or Agencies. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Protective Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

h.         Filing. Stamped confidential documents need not be filed with the clerk except when required in connection with motions for summary judgment or other evidentiary matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents. To the extent that any materials subject to this Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of Court with a simultaneous motion pursuant to Local Rule 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by Local Rule 105.11. If confidential documents are filed, they shall remain sealed

while in the office of the Clerk of Court so long as they retain their status as stamped confidential documents.  Even if the filing party believes that the materials subject to the Protective Order are not properly classified as confidential, the filing shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Section 2.d. of this Protective Order.

i. <u>Restricted Copying.</u> If a document contains information so sensitive that its reproduction should be limited, it shall bear the additional legend "Copying Restricted." Such documents can be saved within the receiving parties' document management systems, but must be saved in a manner that alerts users of the document management system that the document is restricted and cannot be reviewed, printed, copied or saved elsewhere without authorization from a designated member of the litigation team. Such documents shall not be printed except for the purpose of use in depositions or filing under seal with the Court. Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document, or the parties may themselves agree in writing to allow copying of such documents under terms and conditions negotiated by them.

j. <u>Use</u>. Persons obtaining access to stamped confidential documents under this Protective Order shall use the information only for preparation and trial of this specific action/litigation specified by the style above (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.

k. <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and

distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in Court under seal.

l. <u>No Waiver</u>.

i. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

ii. The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, provided that the party believing the document or information to be confidential has taken prompt, reasonable steps upon learning of the disclosure to inform other parties of the assertion of confidentiality.

iii. In addition, nothing in this Protective Order shall be deemed a waiver of the Plaintiffs' or Defendant's right (a) to oppose any subsequent motion for a protective order; or (b) to oppose any objection by the other party to the production of materials or documents in response to requests for discovery in this litigation.

SECTION 3. <u>Return or Destruction of Documents</u>. Within thirty (30) days after all matters in this lawsuit have been finally resolved, including but not limited to any appeal and proceeding on remand, each party holding material that was marked "Confidential" or "Confidential – Attorneys' Eyes Only" shall return or destroy all such documents (including physical or electronic copies of such documents, if any), from the party to which they were produced. The party returning or destroying the confidential material may retain a log of documents produced which may identify the individual documents being returned or destroyed in a manner that does not breach their confidentiality.

SECTION 4. **Evidentiary Objections**. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

ORDERED and DECREED on this the 19th day of June, 2020.

/S/
PAULA XINIS
UNITED STATES DISTRICT JUDGE

So stipulated by the Parties, by and through their undersigned counsel.

06/18/2020

By: /s/ Edward Williams
Edward Williams (Bar No. 20944)
Cadene Russell Brooks (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
ed.williams@wilmerhale.com
Phone: (202) 663-6487

Elizabeth Rossi (Bar No. 19616)
Katherine Chamblee-Ryan (*pro hac vice*)
Olevia Boykin (*pro hac vice*)
Ryan Downer (*pro hac vice*)
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
katie@civilrightscorps.org
Phone: (610) 931-7715

*Attorneys for Plaintiffs*

By: /s/ Kenneth S. Steely
Andrew J. Murray
Shelley Lynn Johnson
Ann Elizabeth Koshy
PRINCE GEORGE'S COUNTY
OFFICE OF LAW
Wayne K. Curry
Administration Building
1301 McCormick Dr., Suite 4100
Largo, MD 20774
sljohnson@co.pg.md.us
Phone: (301) 952-3071

William Lunsford
Kenneth S. Steely
Stephen C. Rogers
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
ksteely@maynardcooper.com
srogers@maynardcooper.com

*Attorneys for Director Mary Lou McDonough*